IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRUM PHARMACEUTICALS, INC., ) | |
| SATIOGEN PHARMACEUTICALS, INC., ) | |
| and SHIRE HUMAN GENETIC ) | |
| THERAPIES, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. |
| ) | |
| SANDOZ INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs Mirum Pharmaceuticals, Inc. ("Mirum"), Satiogen Pharmaceuticals, Inc. ("Satiogen"), and Shire Human Genetic Therapies, Inc. ("SHGT") (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against Defendant Sandoz Inc. ("Sandoz"), and hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the patents laws of the United States, Title 35, United States Code, that arises from Defendant Sandoz's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of Mirum's LIVMARLI® (maralixibat) prior to the expiration of U.S. Patent Nos. 11,229,647 (the "'647 patent"); 11,376,251 (the "'251 patent"); 11,497,745 (the "'745 patent"); 11,918,578 (the "'578 patent"); and 11,260,053 (the "'053 patent") (collectively the "Asserted Patents").

2.      In a letter dated November 14, 2025 and received by Mirum and Satiogen on or

about November 17, 2025 ("Notice Letter"), Sandoz notified Plaintiffs that it had submitted to the FDA ANDA No. 220714 ("Sandoz's ANDA"), with a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic Maralixibat Oral Solution, 9.5 mg/mL ("Sandoz's ANDA Product") prior to the expiration of the Asserted Patents.

3.      The Notice Letter included an Exhibit A, titled "Sandoz's Detailed Statement of the Factual and Legal Bases for its Opinion that the '647, '053, '251, '745, and '578 Patents are Invalid, Unenforceable and/or Not Infringed, Directly or Indirectly, Either Literally or Under the Doctrine of Equivalents, By the Commercial Manufacture, Use, Offer for Sale, and/or Sale of Its Maralixibat Oral Solution, 9.5 mg/mL."  On information and belief, Sandoz's ANDA includes a Paragraph IV certification, asserting that the claims of the '647, '251, '745, '578, and '053 patents are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Sandoz's ANDA Product.

4.      On information and belief, Sandoz seeks approval to market Sandoz's ANDA Product before the expiration of all the Asserted Patents.

**PARTIES**

5.      Plaintiff Mirum is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 989 E Hillsdale Blvd., Suite 300, Foster City, CA, 94404.

6.      Plaintiff Satiogen is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 989 E Hillsdale Blvd., Suite 300, Foster City, CA, 94404.  Satiogen is a wholly owned subsidiary of Mirum.

7.      Plaintiff SHGT is a corporation organized and existing under the laws of the State of Delaware and having its place of business at 300 Shire Way, Lexington, MA 02421.  SHGT is

a wholly owned subsidiary of Takeda Pharmaceuticals U.S.A., Inc.

8.      On information and belief, Defendant Sandoz is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 100 College Road West, Princeton, NJ 08540.

9.      On information and belief, Sandoz is the owner of ANDA No. 220714 and intends to manufacture, market, distribute, use, offer for sale, sell, and/or import into the United States, including into the State of Delaware, Sandoz's ANDA Product, in the event the FDA approves Sandoz's ANDA.

## JURISDICTION AND VENUE

10.     This is a civil action for patent infringement arising under the patents laws of the United States, including 35 U.S.C. § 271 and 28 U.S.C. §§ 1338(a), 2201, and 2202.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Defendant Sandoz because, on information and belief, Sandoz is a corporation organized and existing under the laws of the State of Delaware.

13.     This Court has personal jurisdiction over Sandoz because, on information and belief, it has continuous and systematic contacts with the State of Delaware, regularly conducts business in Delaware either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, and has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hauled into court here.

14.     On information and belief, Sandoz is engaged in developing, manufacturing, marketing, selling, and distributing, either directly or through subsidiaries, agents, and/or alter egos, a broad range of generic pharmaceutical products globally, and a substantial number of these

products are marketed, sold, and distributed throughout the United States, including in the State of Delaware and this judicial district.[1] On information and belief, Sandoz purposefully operates its marketing, sales, and distribution infrastructure in the United States, including in the State of Delaware and this judicial district, either directly or through subsidiaries, agents, and/or alter egos. On information and belief, Sandoz is licensed to sell pharmaceutical products in the State of Delaware, either directly or through subsidiaries, agents, and/or alter egos.

15.    On information and belief, Sandoz, by selling pharmaceutical products, either directly or through subsidiaries, agents, and/or alter egos, regularly does business in the State of Delaware and this judicial district and has systematically placed goods into the stream of commerce for distribution throughout the United States, including in Delaware and this judicial district. Sandoz derives substantial revenue from pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Sandoz or its affiliates and/or for which Sandoz is the named applicant on approved ANDAs.[2] On information and belief, various products for which Sandoz is the named applicant on approved ANDAs are available at pharmacies in Delaware.[3]

16.    On information and belief Sandoz prepared and filed Sandoz's ANDA for the

---

[1] See U.S. Food & Drug Admin, Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations, available at https://www.fda.gov/drugs/drug-approvals-and-databases/approved-drug-products-therapeutic-equivalence-evaluations-orange-book (last accessed Dec. 8, 2025) (click on "Search the Orange Book Database," then "Search by Applicant (Company)," then choose "Sandoz Inc" from list of applicants to see listing of generic pharmaceutical products available from Sandoz in the US); Sandoz, https://www.sandoz.com/us-en/products/?gbraid=0AAAABAxAO9snRuUprg652Lt4Y7W5SKq9u (last accessed Dec. 18, 2025) (listing generic pharmaceutical products available from Sandoz in the US).

[2] See supra n.1.

[3] See supra n.1.

purpose of seeking approval to engage in the commercial manufacture, use, sale, or offer for sale of Sandoz's ANDA Product in the United States, including in the State of Delaware and this judicial district.

17.    On information and belief, upon approval of Sandoz's ANDA, Sandoz will directly or through subsidiaries, agents, and/or alter egos market, distribute, offer for sale, sell, and/or import Sandoz's ANDA Product in the United States, including in Delaware and this judicial district, and will derive substantial revenue from the use or consumption of Sandoz's ANDA Product in Delaware and this judicial district.  On information and belief, Sandoz plans to list Sandoz's ANDA Product on Delaware's prescription drug formulary and seek Medicaid reimbursements for the sales of Sandoz's ANDA Product in Delaware, either directly or through subsidiaries, agents, and/or alter egos.  On information and belief, if Sandoz's ANDA is approved, Sandoz's ANDA Product, under the direction and control of physicians practicing in Delaware, will be administered to and used by patients in Delaware and this judicial district.

18.    LIVMARLI® is marketed, sold, and distributed throughout the United States, including in the State of Delaware and this judicial district, and Plaintiffs are each incorporated in Delaware.  Consequently, the injury and consequences of Sandoz's filing of Sandoz's ANDA and challenging Plaintiffs' patent rights are suffered in Delaware.

19.    On information and belief, Sandoz has previously used the process contemplated by Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(b), and the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to file ANDAs and challenge branded pharmaceutical companies' patents by filing a Paragraph IV certification, serving a notice letter on those branded pharmaceutical companies, and engaging in patent litigation as contemplated by the Hatch-Waxman Act, including in the State of Delaware

and this judicial district.[4]

20.    On information and belief, with knowledge of the Hatch-Waxman Act, Sandoz sent the Notice Letter to Mirum and Satiogen, and alleged in the Notice Letter the invalidity, unenforceability, and/or non-infringement of the Asserted Patents.  On information and belief, Sandoz deliberately challenged Plaintiffs' patent rights with the Notice Letter and knew when it did so that it was triggering a forty-five-day period for Plaintiffs to bring an action for patent infringement under the Hatch-Waxman Act.

21.    On information and belief, Sandoz knew that it was deliberately challenging intellectual property held in Delaware and that the effects of any successful challenge of the Asserted Patents would be felt by Plaintiffs in Delaware.  Sandoz has been a litigant in connection with other infringement actions under the Hatch-Waxman Act and reasonably should have anticipated that by sending the Notice Letter to Mirum and Satiogen that it would be sued in Delaware for patent infringement.

22.    On information and belief, Sandoz knows and intends that, if Sandoz's ANDA is approved, Sandoz's ANDA Product will be marketed, distributed, and sold in Delaware and will displace sales of LIVMARLI®, resulting in harm to Plaintiffs in Delaware.

23.    On information and belief, Sandoz has been sued in this judicial district without challenging personal jurisdiction or venue and has availed itself of the legal protections of the State of Delaware by filing claims or counterclaims affirmatively seeking relief in other prior pharmaceutical patent actions in this Court.  *See, e.g.*, *Sandoz Inc. v. Boehringer Ingelheim Pharms. Inc.*, No. 1:24-cv-01192, D.I. 8 (D. Del. Oct. 31, 2024); *Abbvie Inc. v. Hetero USA, Inc.*,

---

[4] *See, e.g.*, *Sandoz Inc. v. Boehringer Ingelheim Pharms. Inc.*, No. 1:24-cv-01192, D.I. 8 (D. Del. Oct. 31, 2024); *Abbvie Inc. v. Hetero USA, Inc.*, 1:23-cv-01332, D.I. 23 (D. Del. Feb. 5, 2024); *ZS Pharma, Inc. v. Sandoz Inc.*, 1:23-cv-01191, D.I. 11 (D. Del. Jan. 5, 2024).

1:23-cv-01332, D.I. 23 at 388-423 (D. Del. Feb. 5, 2024). Further, Sandoz has previously admitted that this Court has personal jurisdiction over Sandoz. *See, e.g.*, *Sandoz Inc. v. Boehringer Ingelheim Pharms. Inc.*, No. 1:24-cv-01192, D.I. 8 (D. Del. Oct. 31, 2024); *Abbvie Inc. v. Hetero USA, Inc.*, 1:23-cv-01332, D.I. 23 at 25-26 (D. Del. Feb. 5, 2024); *ZS Pharma, Inc. v. Sandoz Inc.*, 1:23-cv-01191, D.I. 11 at 4 (D. Del. Jan. 5, 2024).

24.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

25.      LIVMARLI® is indicated for the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS) and for the treatment of cholestatic pruritus in patients 12 months of age and older with progressive familial intrahepatic cholestasis (PFIC).

26.      Plaintiff Mirum is the holder of the approved New Drug Application ("NDA") No. 214662 for LIVMARLI®. LIVMARLI® is manufactured for Mirum and is sold in the United States pursuant to NDA No. 214662.

**A.      The '647 Patent**

27.      The '647 patent, titled "Methods for treating cholestasis," was duly and legally issued on January 25, 2022. A true and correct copy of the '647 patent is attached as Exhibit A.

28.      Plaintiff Mirum is the assignee and owner of the '647 patent.

29.      The '647 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

**B.      The '251 Patent**

30.      The '251 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on July 5, 2022. A true and correct copy of the '251 patent is attached as Exhibit B.

31.    Plaintiff SHGT is the assignee and owner of the '251 patent.

32.    Plaintiff Mirum is the exclusive licensee of the '251 patent.

33.    The '251 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

### C.    The '745 Patent

34.    The '745 patent, titled "Methods for treating cholestasis," was duly and legally issued on November 15, 2022.  A true and correct copy of the '745 patent is attached as Exhibit C.

35.    Plaintiff Mirum is the assignee and owner of the '745 patent.

36.    The '745 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

### D.    The '578 Patent

37.    The '578 patent, titled "Methods for treating cholestasis," was duly and legally issued on March 5, 2024.  A true and correct copy of the '578 patent is attached as Exhibit D.

38.    Plaintiff Mirum is the assignee and owner of the '578 patent.

39.    The '578 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

### E.    The '053 Patent

40.    The '053 patent, titled "Bile acid recycling inhibitors and satiogens for treatment of diabetes, obesity, and inflammatory gastrointestinal conditions," was duly and legally issued on March 1, 2022.  A true and correct copy of the '053 patent is attached as Exhibit E.

41.    Plaintiff Satiogen is the assignee and owner of the '053 patent.

42.    The '053 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,229,647

43.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

44.    On information and belief, the use of Sandoz's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '647 patent, including but not limited to independent claims 1 and 12, either literally or under the doctrine of equivalents.

45.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

46.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product would not meet any claim limitation of certain claims of the '647 patent, including at least claims 1 and 12.

47.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

48.    The April 2025 label for LIVMARLI® ("LIVMARLI® Label")[5] is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL. On information and belief, the proposed label for Sandoz's ANDA Product is substantially identical to the

---

[5] Available at https://livmarli.com/ (click on "Prescribing Information" to access https://files.mirumpharma.com/livmarli/livmarli-prescribinginformation.pdf) (last accessed Dec. 18, 2025).

LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

49.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

50.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

51.    The LIVMARLI® Label directs administering maralixibat oral solution in dosages covered by the '647 patent.

52.    On information and belief, Sandoz's ANDA Product is covered by one or more claims of the '647 patent, including at least independent claims 1 and 12, because the use of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product meets each claim limitation.

53.    On information and belief, the use of Sandoz's ANDA Product will infringe at least claims 1 and 12 of the '647 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Sandoz's ANDA Product instructs and encourages the use of Sandoz's ANDA Product by healthcare professionals and patients for treatment of ALGS in a pediatric subject in need of such treatment where Sandoz's ANDA Product is administered in an amount of about 400 µg/kg/day and/or from about 400 µg/kg/day to about 800 µg/kg/day. Additionally, the '647 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Sandoz's ANDA Product. *See, e.g.*,

'647 patent, 18:12-22, 21:4-21.

54.    On information and belief, the purpose of filing Sandoz's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '647 patent.

55.    On information and belief, Sandoz's submission of Sandoz's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '647 patent is an act of infringement of the '647 patent under 35 U.S.C. § 271(e)(2)(A).

56.    On information and belief, Sandoz plans, intends to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product as well as Sandoz's proposed labeling for that product immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto and prior to the expiration of the '647 patent.

57.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '647 patent would infringe one or more claims of the '647 patent, and/or Sandoz would induce the infringement of and/or contribute to the infringement of one or more claims of the '647 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Sandoz plans, intends to, and will actively induce and/or contribute to the infringement of the '647 patent immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto.

58.    On information and belief, Sandoz knows and intends that physicians will prescribe and patients will take Sandoz's ANDA Product and therefore will infringe the '647 patent.

59.    On information and belief, Sandoz's ANDA Product lacks any substantial non-

infringing use.

60.     On information and belief, Sandoz had actual and constructive knowledge of the claims of the '647 patent prior to submission of Sandoz's ANDA at least because the '647 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Sandoz continues to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto.

61.     On information and belief, Sandoz has acted with full knowledge of the '647 patent and without a reasonable basis for believing that Sandoz would not be liable for infringing the '647 patent, actively inducing infringement of the '647 patent, and/or contributing to the infringement by others of the '647 patent.  Sandoz's submission of Sandoz's ANDA with knowledge of the '647 patent and its infringement of the '647 patent makes this case exceptional.

62.     An actual case or controversy exists between Plaintiffs and Sandoz with respect to infringement of the '647 patent.

63.     Unless Sandoz is enjoined from infringing the '647 patent and actively inducing and contributing to the infringement of the '647 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,376,251

64.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

65.     On information and belief, the use of Sandoz's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '251 patent, including but not limited to independent claims 1, 14, and 19, either literally or under the doctrine of equivalents.

66.     Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

67.     The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product would not meet any claim limitation of certain claims of the '251 patent, including claims 1, 14, and 19.

68.     Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

69.     The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Sandoz's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

70.     The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)."  *See* LIVMARLI® Label at Section 1.1.

71.     Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

72.    On information and belief, Sandoz's ANDA Product is covered by one or more claims of the '251 patent, including at least independent claims 1, 14, and 19, because the use of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product meets each claim limitation.

73.    On information and belief, the use of Sandoz's ANDA Product will infringe at least claims 1 and 14 of the '251 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Sandoz's ANDA Product instructs and encourages the use of Sandoz's ANDA Product by healthcare professionals and patients for treating or ameliorating ALGS in a pediatric subject comprising administering to the pediatric subject the claimed ASBTI or a pharmaceutical composition comprising the claimed ASBTI, or a pharmaceutically acceptable salt, solvate, or prodrug thereof.  Additionally, the '251 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Sandoz's ANDA Product. *See, e.g.*, '251 patent, 26:49-54, 85:31-48.

74.    On information and belief, the use of Sandoz's ANDA Product will infringe at least claim 19 of the '251 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Sandoz's ANDA Product instructs and encourages the use of Sandoz's ANDA Product by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject suffering from ALGS comprising administering to the pediatric subject the claimed ASBTI, or a pharmaceutically acceptable salt, solvate, or prodrug thereof.

75.    On information and belief, the purpose of filing Sandoz's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '251 patent.

76.    On information and belief, Sandoz's submission of Sandoz's ANDA for the

purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '251 patent is an act of infringement of the '251 patent under 35 U.S.C. § 271(e)(2)(A).

77.    On information and belief, Sandoz plans, intends to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product as well as Sandoz's proposed labeling for that product immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto and prior to the expiration of the '251 patent.

78.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '251 patent would infringe one or more claims of the '251 patent, and/or Sandoz would induce the infringement of and/or contribute to the infringement of one or more claims of the '251 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Sandoz plans, intends to, and will actively induce and/or contribute to the infringement of the '251 patent immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto.

79.    On information and belief, Sandoz knows and intends that physicians will prescribe and patients will take Sandoz's ANDA Product and therefore will infringe the '251 patent.

80.    On information and belief, Sandoz's ANDA Product lacks any substantial non-infringing use.

81.    On information and belief, Sandoz had actual and constructive knowledge of the claims of the '251 patent prior to submission of Sandoz's ANDA at least because the '251 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Sandoz continues to assert its intent to engage in the manufacture, use, offer for

sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto.

82.     On information and belief, Sandoz has acted with full knowledge of the '251 patent and without a reasonable basis for believing that Sandoz would not be liable for infringing the '251 patent, actively inducing infringement of the '251 patent, and/or contributing to the infringement by others of the '251 patent.   Sandoz's submission of Sandoz's ANDA with knowledge of the '251 patent and its infringement of the '251 patent makes this case exceptional.

83.     An actual case or controversy exists between Plaintiffs and Sandoz with respect to infringement of the '251 patent.

84.     Unless Sandoz is enjoined from infringing the '251 patent and actively inducing and contributing to the infringement of the '251 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,497,745

85.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

86.     On information and belief, the use of Sandoz's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '745 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

87.     Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

88.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product would not meet any claim limitation of certain claims of the '745 patent, including claim 1.

89.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

90.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Sandoz's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

91.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

92.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

93.    The LIVMARLI® Label directs administering maralixibat oral solution in dosages covered by the '745 patent.

94.    On information and belief, Sandoz's ANDA Product is covered by one or more claims of the '745 patent, including at least independent claim 1, because the use of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product

meets each claim limitation.

95.    On information and belief, the use of Sandoz's ANDA Product will infringe at least claim 1 of the '745 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Sandoz's ANDA Product instructs and encourages the use of Sandoz's ANDA Product by healthcare professionals and patients for treating ALGS in a subject in need of such treatment comprising administering to the subject maralixibat in an amount of from 360 μg/kg/day to 880 μg/kg/day.  Additionally, the '745 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Sandoz's ANDA Product.  *See, e.g.*, '745 patent, 17:55-65, 20:45-62.

96.    On information and belief, the purpose of filing Sandoz's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '745 patent.

97.    On information and belief, Sandoz's submission of Sandoz's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '745 patent is an act of infringement of the '745 patent under 35 U.S.C. § 271(e)(2)(A).

98.    On information and belief, Sandoz plans, intends to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product as well as Sandoz's proposed labeling for that product immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto and prior to the expiration of the '745 patent.

99.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '745 patent would infringe one or

more claims of the '745 patent, and/or Sandoz would induce the infringement of and/or contribute to the infringement of one or more claims of the '745 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Sandoz plans, intends to, and will actively induce and/or contribute to the infringement of the '745 patent immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto.

100.    On information and belief, Sandoz knows and intends that physicians will prescribe and patients will take Sandoz's ANDA Product and therefore will infringe the '745 patent.

101.    On information and belief, Sandoz's ANDA Product lacks any substantial non-infringing use.

102.    On information and belief, Sandoz had actual and constructive knowledge of the claims of the '745 patent prior to submission of Sandoz's ANDA at least because the '745 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Sandoz continues to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto.

103.    On information and belief, Sandoz has acted with full knowledge of the '745 patent and without a reasonable basis for believing that Sandoz would not be liable for infringing the '745 patent, actively inducing infringement of the '745 patent, and/or contributing to the infringement by others of the '745 patent.  Sandoz's submission of Sandoz's ANDA with knowledge of the '745 patent and its infringement of the '745 patent makes this case exceptional.

104.    An actual case or controversy exists between Plaintiffs and Sandoz with respect to infringement of the '745 patent.

105.    Unless Sandoz is enjoined from infringing the '745 patent and actively inducing and contributing to the infringement of the '745 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,918,578

106.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

107.    On information and belief, the use of Sandoz's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '578 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

108.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

109.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product would not meet any claim limitation of certain claims of the '578 patent, including claim 1.

110.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

111.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Sandoz's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to

LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

112.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

113.    The LIVMARLI® Label directs administering maralixibat oral solution in dosages and compositions covered by the '578 patent.

114.    On information and belief, Sandoz's ANDA Product is covered by one or more claims of the '578 patent, including at least independent claim 1, because the use of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product meets each claim limitation.

115.    On information and belief, the use of Sandoz's ANDA Product will infringe at least claim 1 of the '578 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Sandoz's ANDA Product instructs and encourages the use of Sandoz's ANDA Product by healthcare professionals and patients for treating cholestatic pruritus in a subject having ALGS comprising administering to the subject maralixibat in an amount of from about 400 μg/kg/day to about 800 μg/kg/day, wherein maralixibat is administered as a liquid pharmaceutical composition comprising about 0.001 mg/mL to about 16 mg/mL of maralixibat.

116.    On information and belief, the purpose of filing Sandoz's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '578 patent.

117.    On information and belief, Sandoz's submission of Sandoz's ANDA for the

purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '578 patent is an act of infringement of the '578 patent under 35 U.S.C. § 271(e)(2)(A).

118.    On information and belief, Sandoz plans, intends to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product as well as Sandoz's proposed labeling for that product immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto and prior to the expiration of the '578 patent.

119.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '578 patent would infringe one or more claims of the '578 patent, and/or Sandoz would induce the infringement of and/or contribute to the infringement of one or more claims of the '578 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Sandoz plans, intends to, and will actively induce and/or contribute to the infringement of the '578 patent immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto.

120.    On information and belief, Sandoz knows and intends that physicians will prescribe and patients will take Sandoz's ANDA Product and therefore will infringe the '578 patent.

121.    On information and belief, Sandoz's ANDA Product lacks any substantial non-infringing use.

122.    On information and belief, Sandoz had actual and constructive knowledge of the claims of the '578 patent prior to submission of Sandoz's ANDA at least because the '578 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Sandoz continues to assert its intent to engage in the manufacture, use, offer for

sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto.

123.    On information and belief, Sandoz has acted with full knowledge of the '578 patent and without a reasonable basis for believing that Sandoz would not be liable for infringing the '578 patent, actively inducing infringement of the '578 patent, and/or contributing to the infringement by others of the '578 patent. Sandoz's submission of Sandoz's ANDA with knowledge of the '578 patent and its infringement of the '578 patent makes this case exceptional.

124.    An actual case or controversy exists between Plaintiffs and Sandoz with respect to infringement of the '578 patent.

125.    Unless Sandoz is enjoined from infringing the '578 patent and actively inducing and contributing to the infringement of the '578 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,260,053

126.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

127.    On information and belief, the use of Sandoz's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '053 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

128.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

129.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product would not meet any claim limitation of certain claims of the '053 patent, including claim 1.

130.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

131.    Section 12.1 of the LIVMARLI® Label explains that maralixibat "decreases the reabsorption of bile acids (primarily the salt forms) from the terminal ileum." On information and belief, decreasing the reabsorption of bile acids from the terminal ileum increases the concentration of bile acids and bile salts in the terminal ileum, which is part of the distal gastrointestinal tract.

132.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL. On information and belief, the label for Sandoz's ANDA Product is or will be substantially identical to the label for LIVMARLI®, including directing that Sandoz's ANDA Product decreases the reabsorption of bile acids (primarily the salt forms) from the terminal ileum.

133.    On information and belief, Sandoz's ANDA Product is covered by one or more claims of the '053 patent, including at least independent claim 1, because the use of Sandoz's ANDA Product in accordance with and as directed by Sandoz's proposed labeling for that product meets each claim limitation.

134.    On information and belief, the use of Sandoz's ANDA Product will infringe at least claim 1 of the '053 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Sandoz's ANDA Product instructs and encourages the use of Sandoz's

ANDA Product by healthcare professionals and patients for increasing the concentration of bile acids and salts thereof in the distal gastrointestinal tract of an individual comprising administering the claimed ASBTI to the individual, wherein a therapeutically effective amount of the ASBTI is delivered to the distal ileum, the colon, or the rectum of an individual in need thereof.

135.    On information and belief, the purpose of filing Sandoz's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '053 patent.

136.    On information and belief, Sandoz's submission of Sandoz's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '053 patent is an act of infringement of the '053 patent under 35 U.S.C. § 271(e)(2)(A).

137.    On information and belief, Sandoz plans, intends to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product as well as Sandoz's proposed labeling for that product immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto and prior to the expiration of the '053 patent.

138.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to the expiration of the '053 patent would infringe one or more claims of the '053 patent, and/or Sandoz would induce the infringement of and/or contribute to the infringement of one or more claims of the '053 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Sandoz plans, intends to, and will actively induce and/or contribute to the infringement of the '053 patent immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto.

139.    On information and belief, Sandoz knows and intends that physicians will prescribe and patients will take Sandoz's ANDA Product and therefore will infringe the '053 patent.

140.    On information and belief, Sandoz's ANDA Product lacks any substantial non-infringing use.

141.    On information and belief, Sandoz had actual and constructive knowledge of the claims of the '053 patent prior to submission of Sandoz's ANDA at least because the '053 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Sandoz continues to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto.

142.    On information and belief, Sandoz has acted with full knowledge of the '053 patent and without a reasonable basis for believing that Sandoz would not be liable for infringing the '053 patent, actively inducing infringement of the '053 patent, and/or contributing to the infringement by others of the '053 patent.  Sandoz's submission of Sandoz's ANDA with knowledge of the '053 patent and its infringement of the '053 patent makes this case exceptional.

143.    An actual case or controversy exists between Plaintiffs and Sandoz with respect to infringement of the '053 patent.

144.    Unless Sandoz is enjoined from infringing the '053 patent and actively inducing and contributing to the infringement of the '053 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court grant the following relief:

A.    A judgment declaring that, under 35 U.S.C. § 271(e)(2)(A), Sandoz infringed the

Asserted Patents, either literally or under the doctrine of equivalents, by submitting ANDA No. 220714 to the FDA to obtain approval to commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States Sandoz's ANDA Product prior to the expiration of the Asserted Patents;

B.    A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Sandoz's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents prior to the expiration date of the Asserted Patents, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Asserted Patents under 35 U.S.C. § 271(b), and/or (c), either literally or under the doctrine of equivalents;

C.    An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval for Sandoz to make, use, offer for sale, sell, market, distribute, or import Sandoz's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents be no earlier than the last expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

D.    A permanent injunction enjoining Sandoz, and all persons acting in concert with Sandoz from seeking, obtaining, or maintaining final approval of ANDA No. 220714 until the expiration of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

E.    A permanent injunction, under 35 U.S.C. § 271(e)(4)(B), enjoining Sandoz, its officers, agents, servants, employees and attorneys, and all persons acting in concert

with them, from making, using, selling, offering for sale, marketing, distributing, or importing Sandoz's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

F.      An award of monetary relief to Plaintiffs, under 35 U.S.C. § 271(e)(4)(C), to the extent Sandoz manufactures, uses, offers for sale, sells, markets, or distributes within the United States, or imports into the United States, Sandoz's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

G.      A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

H.      An award of Plaintiffs' costs and expenses in this action; and

I.       Such further and other relief as the Court deems just and proper.

|  | /s/ Karen E. Keller |
|---|---|

OF COUNSEL:
Sanya Sukduang
Jonathan Davies
Brittany Cazakoff
John Habibi
Jordan Landers
Rachel Preston
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800
*Attorneys for Plaintiffs*
*Mirum Pharmaceuticals, Inc. and*
*Satiogen Pharmaceuticals, Inc.*

Zhiqiang Liu
Andrew Cohen
Basil Williams
Tiffany Li
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Plaintiff*
*Shire Human Genetic Therapies, Inc.*

Dated: December 19, 2025

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs  Mirum*
*Pharmaceuticals, Inc., Satiogen*
*Pharmaceuticals, Inc. and Shire Human*
*Genetic Therapies, Inc.*